**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 26-12812-SAH** |
| **JENK'S BEST LIVING, LLC** <br> **Debtor.** | ) | **(Chapter 11)** |
| **JENK'S BEST LIVING, LLC** <br> **Plaintiff,** | ) | **Adv. Case No.26-01040-SAH** |
| **v.** | ) | |
| **MARK KULICK; VESTA REALTY, LLC; VESTA CAPITAL, LLC; YSA INVESTMENTS 1, LLC; AND BOCAIRE TULSA LENDER, LLC** <br> **Defendants.** | ) | |

**DEFENDANT BOCAIRE TULSA LENDER, LLC RESPONSE TO COMPLAINT (i) TO AVOID PREFERENTIAL TRANSFERS AND FRAUDULENT CONVEYANCES; (ii) FOR DECLARATORY RELIEF TO REMOVE THE CLOUD ON TITLE; AND (iii) FOR BREACH OF FIDUCIARY DUTY AND CROSS-CLAIM AGAINST DEFENDANT YSA INVESTMENTS 1, LLC**

Defendant Bocaire Tulsa Lender, LLC ("Bocaire") by and through undersigned counsel for its Answer to the Complaint filed July 20, 2026 [Doc 1] (the "Complaint) by the Plaintiff herein and for its Crossclaims against the Defendant YSA Investments 1, LLC as follows.

## JURISDICTION AND VENUE

1. Bocaire admits this Court has jurisdiction of the parties and of the subject matter in this Adversary Proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the order of the district court authorizing referral of proceedings to the bankruptcy judges;

2. Bocaire admits Venue is now properly laid in this Court in Western District of Oklahoma under 28 U.S.C. §§ 1408 - 1412;

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1) and, to the extent the proceeding may be non-core, Bocaire consents to entry of judgment by the bankruptcy judge.

4. Bocaire consents to entry of final judgment and other orders by this Bankruptcy Court.

**ANSWER TO FACTUAL ALLEGATIONS**

5. Bocaire admits to paragraphs numbered 8 (as applied to YSA), 9, 12, 14, 15, 16, 18, 19, 22 (except for its parenthetical), 31, 32, 33, 34, 35, 39 (on information and belief), 40, 42 (first sentence), 43, 47 (because of the usurious nature of the YSA loan), 48, 50 (first sentence, because of the usurious nature of the YSA loan), 55, 56, 57, 71, 73 (as applied to the YSA loan), in the Complaint.

6. Bocaire denies paragraphs numbered 4 (last sentence, as applied to the loan and loan proceeds from Bocaire), 6 (as applied to instruments executed with Bocaire), 7 (if and as applied to Bocaire), 8, 13, 23, 26, 28, 29, 30, 36, 42 (except first sentence), 44, 45 (except the last sentence), 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 73 (as applied to the Bocaire loan), 75, 76, 77 (as applied to the Bocaire loan), 79 (as applied to the Bocaire loan), 81 (as applied to the Bocaire transactions), 82 (as applied to the Bocaire transactions), 83 (as applied to the Bocaire transactions), in the Complaint.

7. Bocaire is without sufficient information to admit or deny paragraphs numbered 1, 2, 3, 4, 5, 6, 10, 11, 17, 20, 21, 22, 24, 25, 26, 27, 37, 38, 41, 45 (last sentence), 46, 49, 50 (except first sentence), 51, 52, 53, 54, 72, 74, 77 (except denied as applied to the Bocaire loan), 78, 79 (except denied as applied to the Bocaire loan), 80, 81 (except denied as applied to the Bocaire transactions), 82 (except denied as applied to the Bocaire transactions), and 83 (except denied as applied to the Bocaire transactions), in the Complaint and therefore denies the same.

8. As to Paragraph 68, Bocaire admits it is a sophisticated investor and denies the remaining allegation of this paragraph.

## ANSWER TO COUNT I

9. Bocaire submits paragraph 84 does not require a separate answer in light of its responses to paragraphs 1 through 83 in the Complaints.

10. Bocaire denies to paragraphs numbered 85 (as applied to the Bocaire transactions), 86 (as applied to the Bocaire transactions), 88 (as applied to the Bocaire transactions), 89 (as applied to the Bocaire transactions), 94 (except as stated below), 95 (as applied to the Bocaire transactions), 96 (as applied to the Bocaire transactions), 97 (as applied to the Bocaire transactions), 98 (as applied to the Bocaire transactions, on information and belief), 99 (as to the Debtor's entitlement to the relief sought regarding the Bocaire transactions), and 100 (as to the Debtor's entitlement to the relief sought regarding the Bocaire transactions), in the Complaint.

11. Bocaire admits to paragraphs numbered 85 (as applied to the YSA transactions), 86 (as applied to the YSA transactions), 87, 88 (as applied to the YSA transactions), 89 (as applied to the YSA transactions), 90 (first sentence), 92, 94 (as to recorded documents continuing to assert claims as to the property on which they are recorded), 95 (as applied to the YSA transactions), and 96 (as applied to the YSA transactions), in the Complaint.

12. Bocaire is without sufficient information to admit or deny paragraphs numbered 88 (as applied to transactions of lenders, if any, other than Bocaire or YSA), 89 (as applied to transactions of lenders, if any, other than Bocaire or YSA), 90 (except admitted as to the first sentence), 91, 93, 94 (as to the alleged removal of VCL as managing member and except as otherwise stated above), 95 (except as stated above), 96 (except as stated above), 97 (except as

stated above), 98 (except as stated above), 99 (except as stated above) and 100 (except as stated above), in the Complaint, and therefore denies the same.

**ANSWER TO COUNT II**

13. Count II does not allege a claim for relief against Bocaire and therefore Bocaire denies Paragraphs 101. through 110 as to Bocaire.

**ANSWER TO COUNT III**

14. Count III does not allege a claim for relief against Bocaire and therefore Bocaire denies Paragraphs 111. through 117 as to Bocaire.

15. Bocaire agrees the transfers to YSA should be avoided as preferential.

**ANSWER TO COUNT IV**

16. Count IV does not allege a claim for relief against Bocaire and therefore Bocaire denies Paragraphs 118 through 123 as to Bocaire.

17. Bocaire agrees the transfers to YSA should be avoided as fraudulent transfers.

**CROSS-CLAIM AGAINST YSA**
**Equitable Subordination under 11 U.S.C. §510(c)**

18. Bocaire incorporates the allegations in the Complaint as to YSA except to the extent denied by Bocaire.

19. Bocaire recognizes that YSA is a Debtor in a pending bankruptcy case No. 26-12806 before this Court (the "YSA Bankruptcy"). This Crossclaim is plead to preserve Bonaire's rights and to avoid any waiver of its claims against YSA for equitable subordination in this Chapter 11 Bankruptcy Case. Bocaire further recognizes that relief from the Automatic Stay may be necessary for any of the claims in this Adversary Proceeding to go forward and as such, Bocaire does not at this time seek any relief against YSA until such time as the YSA Bankruptcy is dismissed or stay relief is obtained therein.

20. YSA had actual knowledge of the loans to the Debtor in advance of Bocaire funding and fully documenting such loans.

21. YSA engaged in inequitable conduct as described in the Complaint and herein sufficient to justify Equitable Subordination under 11 U.S.C. §510(c) of all of its claims in the Bankruptcy Case to the claims of Bocaire.

22. Bocaire reserves the right to amend this Crossclaim as discovery progresses in this case.

23. The main Bankruptcy Case and this Adversary Proceeding were only very recently transferred to this Court from the Bankruptcy Court in Maryland, therefore, Bocaire reserves the right to amend this Complaint under Fed. R. Civ. P. 15(a)(1)(a) as incorporated under Fed. R. Bankr. Pro. 7015.

## AFFIRMATIVE DEFENSES
## FACTUAL ALLEGATIONS RELATED TO AFFIRMATIVE DEFENSES

24. Bocaire alleges Mark Kulick made numerous affirmative warranties and representations in writing of his authority to execute the loan documents with Bocaire.

25. Upon information and belief, all members of Debtor had actual knowledge of the loan and associated loan documents for the loan from Bocaire to the Debtor, as well as the numerous affirmative warranties and representations in writing made by Mark Kulick of his authority to execute the loan documents with Bocaire, and also of funds received by the Debtor from Bocaire, including when they were posted to financial accounts to which all members of debtor had access to either on a daily basis or as part of the monthly reporting as mandated in article 12.1(a) of the Jenks Best Living Operating Agreement attached to the complaint.

26. Bocaire relied upon the numerous affirmative covenants, warranties, and representations in writing made by Mark Kulick of his authority to execute the loan documents

with Bocaire, as well as Kulick's being the Managing Member of Debtor's Sole Manager Vesta Realty LLC when he made those covenants, warranties, and representations.

27. Bocaire relied upon the silence of Debtor and its members regarding such authority when the loan was made to the Debtor and funds were received by the Debtor and entities affiliated with the Debtor.

28. Bocaire in connection with the loan advanced the full amount of the loan to the Debtor and to entities and/or individuals affiliated with the Debtor per the express instructions of Mark Kulick the Managing Member of Debtor's Sole Manager Vesta Realty LLC.

**ESTOPPEL**

29. Bocaire reserves the right to amend its Affirmative Defenses as discovery progresses in this case.

30. The Debtor affirmatively benefitted from the funds Bocaire advanced to the Debtor and entities affiliated with the Debtor.

31. Bocaire reasonably relied upon Mark Kulick's apparent and statutory authority as the Managing Member of Debtor's Sole Manager Vesta Realty LLC to advance funds to the Debtor and its affiliates, and to execute (i) a forbearance agreement, (ii) the option and (iii) the negative pledge.

32. Bocaire further reasonably relied upon the silence of Mark Kulick, Debtor and all its members' silence as to Mark Kulick's apparent authority when the Debtor accepted the funds advanced to the Debtor and its affiliates. All members had actual knowledge of receipt of the funds advanced by Bocaire from the reporting of the receipt of the funds in the monthly financial pursuant to article 12.1(a) of the Jenks Best Living Operating Agreement.

33. The Debtor and YSA should be estopped from denying the nature, extent, and validity of Bocaire' s loan and loan documents.

**ADDITIONAL AFFIRMATIVE DEFENSES**

34. The Complaint omits the consent entry of final judgment by this Court.

35. The Complaint fails to state a claim against Bocaire because:

a. The request for an injunction against Bocaire is unsupported. Every alleged post-recording act—attempting to take over management software and bank accounts—is attributed to YSA, not Bocaire. No facts show that Bocaire exercised the option, demanded performance, threatened enforcement, or otherwise created an imminent threat of irreparable injury. Further, YSA is currently a Debtor in the YSA Bankruptcy case so that any action by Bocaire to enforce the option or take any other action against YSA is subject to the Automatic Stay so that a specific injunction is redundant and unnecessary.

b. The request for attorneys' fees against Bocaire identifies no contractual, statutory, or other exception to the American Rule.

c. The allegations that Bocaire "knew," "had access," "recklessly disregarded," and acted in "bad faith" merely repeat legal conclusions. The Complaint does not identify how Bocaire supposedly knew unanimous consent was absent or still needed at closing, or the factual basis for the assertion that Bocaire "admittedly" knew the transaction was prohibited.

36. Bocaire asserts all affirmative defenses applicable under Fed. R. Civ. Pro. 8(c) as incorporated in Fed. R. Bankr. Pro. 7008 and will further define such defenses upon completion of discovery in this case.

37. The main Bankruptcy Case and this Adversary Proceeding were only very recently transferred to this Court from the Bankruptcy Court in Maryland, therefore, Bocaire reserves the right to amend its Affirmative Defenses in this Answer to this Complaint under Fed. R. Civ. P. 15(a)(1)(a) as incorporated under Fed. R. Bankr. P. 7015.

## RESERVATION OF RIGHTS

38. Bocaire reserves the right to file a proof of claim pleading causes of action for breach of the loan agreement between Bocaire and Debtor, fraud by Debtor (through its designated agent) to obtain funds from Bocaire and pre-Bankruptcy forbearance agreement, quantum meruit, and otherwise, and the filing of this document does not waive the right to bring those claims.

## COMBINED PRAYER FOR RELIEF

**WHEREFORE,** Bocaire prays for relief as follows:

1. Denial of any affirmative relief to the Debtor as against Bocaire.
2. Equitable subordination of all liens and claims of YSA to the claims of Bocaire.
3. Further relief as may be just and proper.

Respectfully submitted,

/s/Mark A. Craige
Mark A. Craige, OBA #1992
-Of the Firm-
CROWE & DUNLEVY
A Professional Corporation
222 N. Detroit Ave., Suite 600
Tulsa, OK 74120
918.592.9800 Telephone Number
918.592.9801 Facsimile Number
mark.craige@crowedunlevy.com

*Attorney for Bocaire Tulsa Lender, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies on the date signified by the Notice of Electronic Filing herein, and only to the extent the same reflects the following persons will not receive electronic notification hereof, he served the following person by causing a true and correct copy of the above and foregoing pleading with the Notice of Electronic Filing accompanying same, to be placed in the United States Mail, first class mail with postage duly prepaid thereon, as follows: None

*/s/Mark A. Craige*____________________
Mark A. Craige